## FORT WORTH & DENVER CITY RAILWAY COMPANY v. R. E. McANULTY.

### No. 971.

**1. Limitations—Two Years—Amendment.**—An amended petition against a common carrier, seeking additional damages for injuries to other cattle than those mentioned in the original petition, and filed more than two years after the occurrence of the injuries, sets up a new cause of action, subject to the bar of the statute, although the injuries were all done at one and the same time.

**2. Common Carrier—Liability Beyond Its Line.**—In the absence of a contract assuming such liability, a common carrier can not be held liable for damages to goods resulting beyond its line.

**3. Pleading—Common Carrier—Through Shipment.**—A petition alleging that defendant was a common carrier engaged in shipping cattle to and from points in Texas, and by means of connecting lines, to Chicago, and that defendant accepted cattle from plaintiff for shipment to Cairo, and thence to Chicago, for a certain compensation, in the absence of special exceptions, sufficiently charges a contract of through shipment.

**4. Pleading—Inconsistent Pleas—Evidence.**—Defendant pleaded a special contract under which it received the cattle, exempting it from liability beyond its own line. Plaintiff pleaded a general denial, and also, specially, that he signed the contract under duress. *Held*, that this admission of the execution of the contract did not excuse defendant from producing the original, as plaintiff would otherwise be deprived of the benefit of his general denial altogether.

### ON MOTION FOR REHEARING.

**5. Limitation—Two Years Statute—Trespass.**—A petition alleging that defendant carrier contracted to transport plaintiff's cattle to Chicago safely and expeditiously, but that it failed to provide suitable cars, and ran its cars negligently, whereby some of the cattle were killed, and others were bruised and became sick and depreciated in value, states an action of trespass for injury to property coming within the two years' statute of limitations.

APPEAL from Tarrant. Tried below before Hon. N. A. STEDMAN.

*Stanley, Spoonts & Meek*, for appellant.—1. A suit against a railway company for injuries to cattle resulting from improper shipment is barred by the statute of limitation in two years from the accrual of the cause of action. Rev. Stats., art. 3203; Railway v. Thompson, 16 S. W. Rep., 174.

2 A railway company, as a common carrier of goods to be transported by connecting lines, is only bound, in the absence of a special contract, to safely carry over its own line, and deliver to the next connecting carrier. Railway v. Mfg. Co., 16 Wall. (U. S.), 324; Hood v. Railway, 22 Conn., 1; Railway v. Pratt, 22 Wall., 123; Myrick v. Railway, 107 U. S., 102; Railway v. Baird, 75 Texas, 256; Railway v. Williams, 13 S. W. Rep., 637.

3. The court erred in submitting to the jury the question of liability of the defendant for damages resulting beyond its own line, because there was no pleading on behalf of plaintiff charging any such liability, and because the answer of the defendant set up a contract limiting its liability to damages resulting on its own line, which said contract was admitted to have been executed by the plaintiff and defendant, in plaintiff's first supplemental petition, thereby dispensing with the necessity of proving said contract. 2 Whart. on Ev., sec. 1112, and note; 6 Am. and Eng. Encyc. of Law, p. 84; Coles v. Perry, 7 Texas, 109; Moffatt v. Sydnor, 13 Texas, 628; Hardy v. De Leon, 5 Texas, 243; 1 Greenl. on Ev., sec. 27.

4. Where a pleading filed as a defense to an action sets up a written contract on which a defense in whole or in part is founded, and where it is alleged in said answer that said written contract was executed by the plaintiff and defendant, and where the execution of said written contract is not denied under oath by the plaintiff, but its execution is expressly admitted, and where it is sought to confess and avoid said written contract by plaintiff, the defendant is not required to introduce said written contract in evidence, but the admissions in the pleading of the defendant are sufficient proof of that fact; and the court in its charge to the jury should not ignore the existence of said contract, over the express admission of the plaintiff, because the same was not produced in evidence. Abbott Trial Ev., 692; Mill Co. v. West. As. Co., 118 Ill., 396; McLaughlin v. Alexander, 49 N.W. Rep., 99.

*Wynne, Booty & McCart*, for appellee.—1. The two years' statute of limitation does not apply in this case, but article 3207 of the Revised Statutes applies; and four years had not elapsed from the date of the breach of the contract of shipment of the cattle and the date of filing the amended original petition. Appellee's action is one arising ex contractu. The suit is one to recover damages for breach of a contract, and is not one for tort or for debt within the meaning of the statute. Rev. Stats., art. 3207; Millican v. Railway, 2 White & Willson, sec. 171.

HEAD, ASSOCIATE JUSTICE.—We think the court below erred in overruling appellant's special exception interposing the statute of limitation to appellee's first amended original petition. The injury to the stock is alleged to have occurred August 26, 1887. The original petition only claimed damage for the total loss of six head of cattle, of the value of $30 each, and damage to eighty-one head, at $10 per head, making a total of $990. This petition was filed November 23, 1888. On January 17, 1891, appellee filed an amended original petition, in which he alleged the date of the injury the same as in the original (August 26, 1887), but claimed damage for the total loss of eight head of cattle, of the value of $30 per head, and damage to 350

head, at the rate of $10 each, but alleged his gross damage to be the sum of $2740. To this amended petition appellant interposed the statute of limitation by special exception to all that part of the damage claimed above that resulting to the eighty-seven head included in the original petition.

We think this exception should have been sustained. The amount of damages claimed as resulting to the original eighty-seven head was not increased in the amended petition, but the additional damage therein claimed is alleged to have resulted to other and different animals entirely. The fact that this damage may have occurred at the same time and through the same acts which caused that originally claimed, we believe, can not relieve the pleading from being the assertion of a new cause of action. If one, by the same act, should kill two horses, named A and B, and the owner should sue for the value of A only, and after the expiration of the time prescribed by the statute should amend and claim for the value of B also, we believe it must necessarily be held that this would be the assertion of a new cause of action in so far as it sought a recovery for the value of B; and we understand that to be, in effect, this case.

It must now be taken as the established law in this State, that in the absence of a contract assuming such liability, a common carrier can not be held liable for damages resulting to goods beyond its own line. In Hunter v. Railway, 76 Texas, 195, a case in which there was a special contract exempting the initial carrier from such liability, it is said: "These facts did not establish a cause of action against the defendant, because a common carrier is not liable beyond the terminus of its own line, unless it has assumed such liability by contract. Trust Co. v. Railway, 31 Fed. Rep., 247; Ortt v. Railway, 36 Minn., 396. And the fact alone that it received goods marked for a place beyond its own terminus does not import an agreement to transport to the destination named as a common carrier. Laws. on Carr., sec. 240. * * * The reason a railroad is not liable beyond its own line as a common carrier, in the absence of an express contract, is because it is not a common carrier beyond its own line. The law attaches to it no liability as a common carrier beyond the terminus of its own line, and does not compel it to act as a common carrier over other lines not within its control. Railway v. Baird, 75 Texas, 256. Hence, when this liability does attach, it must be by virtue of some contract assuming it."

Appellant assigns error to the charge given the jury, upon the ground that no through contract of carriage was charged in appellee's petition. The allegation upon this point is as follows: "That defendant was during said time a common carrier of cattle for hire, being engaged in the business of transporting cattle to and from different points in Texas where its railroad ran, and also, by means of connecting lines, to points in other States, and especially to said place of Chicago; that on the said

last named day the plaintiff delivered to said defendant as common carrier, as aforesaid, at a certain station on its said road, to wit, Quanah, and defendant then and there accepted and received from plaintiff 358 head of fine, fat, beef cattle, of the value of $30 per head, to be safely and securely and expeditiously, and within a reasonable time then next following, carried and conveyed from said station of Quanah to a certain other station, to wit, Cairo, and from thence to said place of Chicago, and at said last named place to be safely delivered to one Gregory, Cooley & Co., the agents of plaintiff; all for certain reasonable hire and reward to said defendant in that behalf paid by plaintiff." We think these averments sufficient, in the absence of a special exception, to charge a contract of through shipment between the plaintiff and defendant.

Appellant also assigns error challenging the sufficiency of the evidence to show a contract sufficient to charge it with liability for the damage which resulted beyond the termination of its own line; but, as the judgment must be reversed for the reason above indicated, it would not be proper for us to enter upon a discussion of the evidence.

Appellant pleaded a special contract under which it received these cattle, which exempted it from liability beyond its own line.  To this answer appellee filed a general denial, and also pleaded specially, "that defendant, in violation of its duty as common carrier, and in violation of the law and statutes of this State, refused to receive plaintiff's said cattle over any part of its road unless plaintiff or his agent would sign said contract, and that plaintiff was thereby compelled to sign same; wherefore he says that said contract was obtained under duress of circumstances, and is therefore null and void, and plaintiff is not bound thereby."

Under this pleading appellant contends, that inasmuch as the execution of the contract was admitted by appellee, it was not required to produce the original upon the trial in the court below.   We incline to the opinion that the general denial interposed by appellee required the production of the original instrument; or in case of its loss, necessitated proof of its execution and contents.   Erskine v. Wilson, 20 Texas, 77; Robinson v. Brinson, 20 Texas, 438.   The right of the defendant to interpose different and even inconsistent answers to plaintiff's cause of action has been repeatedly recognized in this State, and the principle announced in the most emphatic terms that one of these pleas can not be used to destroy the other.   See Sayles' Texas Pleading, edition of 1893, section 418, for full discussion and citation of authorities.

To give appellee's special plea the effect contended for by appellant would certainly have the effect to deprive him of the benefit of his general denial altogether.   We do not understand the case of Bosse v. Cadwallader, 24 Southwestern Reporter, 801, to be in conflict with this

view, although it must be conceded that there are expressions used in the opinion in that case which might lead to a different conclusion.

The judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*

Delivered April 4, 1894.

ON MOTION FOR REHEARING.

HEAD, Associate Justice.—Appellee, in his motion for rehearing, insists that we erred in holding the two years' statute of limitation applicable to the cause of action asserted by him herein, his contention being that article 3207 of the Revised Statutes, which provides, that "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterwards," is the only statute in force in this State which has application to the facts of this case. We can not agree with this.

Article 3203 is as follows: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterwards, all actions or suits in court of the following description: 1. Actions of trespass for injury done to the estate or property of another. 2. Actions for detaining the personal property of another, and for converting such personal property to one's own use. 3. Actions for taking or carrying away the goods and chattels of another. 4. Actions for debt, where the indebtedness is not evidenced by a contract in writing. 5. Actions upon stated or open accounts, other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents."

We are of opinion that the first subdivision of this article embraces the cause of action asserted by appellee in his petition. In Bear Bros. & Hirsch v. Marx & Kempner, 63 Texas, 301, after quoting this article, it is said: "These actions all relate to injuries done to the property or estate of the party bringing the action. The first subdivision of this article would doubtless include a seizure under an attachment wrongfully or maliciously sued out, for it is evident that the actions of trespass here spoken of do not mean such actions as are technically so known, for in this State there are no such distinctions in, or forms of, actions as are known at common law. The word 'trespass,' as here used, is used not in a technical sense, but broadly, and means any act violative of the right of another, through which injury is done to his estate or property."

Mr. Anderson, in his Law Dictionary, in defining the word "trespass," both in its restricted and enlarged meaning, and in its applica-

tion to the different common law actions of that name, says: "In its widest scope, trespass on property is any injury to property. Its synonym in law-Latin was 'transgressio,' any infraction of a legal right. In this sense it comprehends not only forcible wrongs, where the damages are direct and immediate, but also acts which are tortious in their consequences."

While it is true that in one sense a cause of action such as this against a common carrier may be for the breach of a particular contract, yet in so far as it seeks a recovery of damages for a violation by the carrier of the duty which it owes to the public, it also sounds in tort. This principle is well stated by Mr. Cooley, in his work upon Torts, pages 105, 106. Also see Railway v. Levy, 59 Texas, 548; Railway v. Roemer, 1 Texas Civil Appeals, 191.

The allegations of appellee's petition in this case are as follows: "That heretofore, to wit, on the 26th day of August, 1887, the plaintiff was, and for a long time prior thereto had been, engaged in the business of buying, selling, and shipping cattle from points in Texas to certain other points in the Northern States, especially to Chicago; and defendant was during said time a common carrier of cattle for hire, being engaged in the business of transporting cattle to and from different points in Texas where its railroad ran, and also by means of connecting lines to points in other States, and especially to said place of Chicago; that on the said last named day the plaintiff delivered to said defendant, as common carrier, as aforesaid, at a certain station on its road, to wit, Quanah, and defendant then and there accepted and received from plaintiff, 358 head of fine, fat beef cattle; * * * that said defendant, in violation of its duty as a common carrier as aforesaid, and contriving and intending to cheat and injure plaintiff, did not, nor would, safely and securely and expeditiously, and within a reasonable time, carry said cattle as it was bound to do, as aforesaid, but on the contrary, so negligently conducted itself in the premises that the said cattle were loaded into cars which were not sufficiently and properly bedded, and not bedded at all, and were while en route to said place of destination willfully and negligently jerked off their feet and thrown down, the train being run in an improper and reckless manner, and were at divers places on said route delayed, and while they were so delayed as aforesaid were kept crowded and standing in defendant's cars, without food or water, so that they became, by reason of said improper, negligent, and cruel treatment, sick, starved, and bruised, and otherwise injured, and greatly depreciated in value, and by reason thereof, to wit, eight head of said cattle, of the value aforesaid, died and were wholly lost to plaintiff, and defendant did so negligently and carelessly conduct itself in regard to the keeping of said cattle that one head thereof, of the value aforesaid, escaped, and the remainder of said cattle were so bruised, injured, and sick and starved that they de-

preciated in value, and were worth less by $10 per head than they would have been worth had they been properly carried by defendant as aforesaid; whereby plaintiff lost and was damaged in the sum of $2740."

It will thus be seen that plaintiff's cause of action in this case is essentially one ex delicto, for the breach on the part of appellant of that duty which it owed as a common carrier, rather than for the violation of a special contract between it and appellee; and we are of opinion that, if appellant caused damage to the property of appellee in the manner alleged in this petition, it was clearly guilty of a trespass within the meaning of our statute of limitation set forth above.

Subdivision 8 of article 1198, Revised Statutes, which prescribes the venue of suits in this State, says: "Where the foundation of the suit is some crime or offense or trespass for which a civil action in damages may lie, the suit may be brought in the county where such crime or offense or trespass was committed, or in the county where the defendant has his domicile." In Campbell v. Trimble, 75 Texas, 270, in construing this statute, it is said: "This suit was brought in the District Court of Navarro County by Frank Trimble, against W. T. Campbell, J. T. O'Connor, and W. M. C. Hill, who reside in Dallas County, and Kit Davis, who resides in Denton County, Texas, for damages for the value of a certain colt owned by plaintiff, and alleged to have been kicked by defendants' horse on the fair grounds, in the city of Corsicana, from which injury said colt afterwards died. The defendants by demurrer objected to the jurisdiction of the court, on the ground that the petition showed that none of them resided in Navarro County. As a trespass charged to have been committed in said county was the foundation of the suit, the jurisdiction existed, and the demurrer was properly overruled."

In Hill v. Kimball, 76 Texas, 216, in construing the word "trespass" as used in this last quoted article, it is said: "It is clear that unless the action in this case can be classed as a trespass within the meaning of that term in the provision quoted, the suit was improperly brought in Leon County; and the determination of that point depends upon the further question, whether the word is used in the statute in its most restricted or in a more enlarged legal sense. In its widest signification it means any violation of law. In its most restricted sense it signifies an injury intentionally inflicted by force, either upon the person or property of another. But it still has a signification in law much more narrow than the first, and more enlarged than the second meaning given, and embraces all cases where injury is done to the person or to the property, and is the indirect result of wrongful force. Abbott's Law Dic., 'Trespass.' In this last sense, the word would include injuries to persons or property which are the result of the negligence of the wrongdoer; and it seems to us more in consonance with the purpose and spirit of the exception to hold that it was in this sense

that it was intended that the word should be understood. We presume the exception was made in the interest of the injured party and not of the wrongdoer, and we see no good reason why a distinction should be made between an injury resulting from intentional violence and one resulting from negligence. * * * If, as we think, the word 'trespass' in our statute was intended to embrace not only actions of trespass proper, as known to the common law, but also actions of trespass on the case, it is clear that the action in this case was properly brought in Freestone County, and that the court had jurisdiction over the person of the defendant."

It is true that the language used in this last case has been subsequently restricted, in so for as it construes the word "trespass," as used in our venue statute, but this is by reason of its intimate association therein with the words "crime" and "offense." Ricker, Lee & Co. v. Shoemaker, 81 Texas, 22; Conner v. Saunders, 81 Texas, 633.

The allegations of appellee's petition in this case would seem, however, to show a trespass to have been committed by appellant upon his cattle, within the meaning of the word as construed in these cases; but we are of opinion that the proper interpretation of this word as used in our statute of limitation is correctly set forth in the language quoted from Hill v. Kimball, supra; and as thus defined, there can be no question that appellee's suit is an action of trespass for injury done to his property. It certainly has been the general understanding of the profession, that in order to recover damages for an injury done to property, either real or personal, whether inflicted by the use of direct force or by other tortious act or omission, the suit must be commenced within two years; and we have no doubt that such was the intention of the Legislature in the adoption of our statute.

We therefore conclude that no error was committed in the former opinion rendered herein.

The case of Millington v. Railway, 2 White & Willson, 171, in so far as it may be thought to conflict with the views here expressed, will not be followed by us.

We have here considered this question at length, because it was not suggested to us by brief or otherwise until this motion was filed.

The motion for rehearing will be refused.

*Motion overruled.*

Delivered May 9, 1894.