R. W. WILLIAMSON & CO. v. TEXAS & P. RY. CO.

(Court of Civil Appeals of Texas. Dallas. June 10, 1911. Rehearing Denied June 24, 1911.)

1. CARRIERS (§ 107*)—CARRIAGE OF GOODS—LOSS OF OR INJURY TO GOODS—CARE REQUIRED.

A carrier is an insurer of the safe delivery of goods intrusted to it for shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 501–507; Dec. Dig. § 107.*]

2. CARRIERS (§ 46½*)—CARRIAGE OF GOODS—BILL OF LADING—DUTY TO ISSUE.

A carrier is compelled to issue to the shipper a bill of lading for goods intrusted to it for shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 132; Dec. Dig. § 46½.*]

3. CARRIERS (§ 114*)—CARRIAGE OF GOODS—LOSS OF GOODS—DURATION OF LIABILITY.

When goods are received by a carrier for shipment, the common-law liability of the carrier as an insurer attaches, until the goods reach the point of destination and the consignee has been notified.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 608–620; Dec. Dig. § 114.*]

4. CARRIERS (§ 140*)—CARRIAGE OF GOODS—CARRIER AS WAREHOUSEMAN.

Where the consignee of goods does not at once receive them on notice of their arrival at destination, they must be stored, and the carrier's liability is that of warehouseman.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 609–616; Dec. Dig. § 140.*]

5. CARRIERS (§ 91*)—CARRIAGE OF GOODS—DELIVERY BY CARRIER—CONVERSION.

Where goods shipped do not reach the point of destination, the carrier is guilty of conversion and liable for their value, except where an act of God intervenes.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 338–355; Dec. Dig. § 91.*]

6. LIMITATION OF ACTIONS (§ 32*)—LIMITATIONS APPLICABLE—TORTS.

An action against a carrier for nondelivery of goods without sufficient excuse is one for conversion, so that the statute of limitations of two years applies, notwithstanding the petition alleges a breach of contract.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 143–145; Dec. Dig. § 32.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by R. W. Williamson & Co. against the Texas & Pacific Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

D. A. Eldridge, for appellant. T. B. McCormick and T. D. Gresham, for appellee.

RAINEY, C. J. This is an action by appellant to recover of the appellee the value of

30 bales of cotton, of the value of $1,621.14; the petition alleging: "That heretofore, to wit, on or about the 27th day of October, 1904, W. A. Arthur & Co. delivered to said defendant railway company, at Detroit, Tex., 104 bales of cotton, to be shipped by said defendant from Detroit, Tex., to Liverpool, England, via New Orleans; that said defendant, on the date above written, made, executed, and for value delivered to said W. A. Arthur & Co. its bill of lading for said cotton, and by said bill of lading agreed to transport and carry said cotton, as aforesaid, and deliver same at Liverpool, England, unto order or their assigns; that of said cotton only 74 bales were carried to Liverpool, England, the remaining 30 bales of cotton being never carried by said defendant to New Orleans, La., and were never carried to or received at Liverpool, England; that said 30 bales of cotton were of the reasonable value of $1,621.14. Plaintiffs further aver that for a valuable consideration the said W. A. Arthur & Co. indorsed the said bill of lading by writing their name across the back thereof, and delivered the same to plaintiffs, and that plaintiffs were the owners of said cotton and were entitled to have the same transported and delivered according to the terms of the contract, as evidenced by said bill of lading, which is attached to agreement between counsel, on file and part hereof. That plaintiffs have demanded of the said railway company to deliver said 30 bales of cotton or to pay the value of said cotton, which said defendant wholly refuses to do, and repudiates its liability therefor."

Defendant pleaded a general demurrer, and special exceptions of two and four years statutes of limitation, general denial, and specially that said cotton was destroyed by fire, which, in effect, was not attributable to its negligence, etc.

The case was submitted to the court on an agreed statement of facts and judgment rendered for defendant on the two-year statute of limitation, and dismissing plaintiff's cause of action. The question for determination is, Does the two-year statute of limitation apply to this case as pleaded and upon the facts as agreed upon?

The facts agreed upon and found by the court are as follows:

"(1) At Detroit, Tex., on October 27th, W. A. Arthur & Co. delivered to the Texas & Pacific Railway Company, defendant herein, one hundred and four (104) bales of cotton to be by it transported to New Orleans, La., and at that port to make delivery thereof to the Leyland Steamship Line, the shipment to be thence transported by the Leyland Steamship Line to Liverpool, England, and there delivered to shipper's order, notify Steel-Bradley & Co. Upon the receipt of said 104 bales of cotton, defendant issued the bill of lading attached to the agreed statement of facts, and marked 'Exhibit A,' for identification. While said shipment of cotton was in posses-

sion of defendant in transit from Clarksville, Tex., to New Orleans, thirty (30) bales of said cotton, which are herein sued for, were, on the 5th day of November, 1904, destroyed by fire. The remainder of said shipment—that is, seventy-four (74) bales of cotton—were by defendant in due course transported to New Orleans and there, on the 14th day of November, 1904, delivered to the Leyland Steamship Line, which steamship line, on the 16th day of November, 1904, issued to plaintiff, the then owner, by indorsement of defendant's said bill of lading, its (said steamship) line bill of lading for said 74 bales of cotton, the original of which last-mentioned bill of lading is lost, but an exact copy thereof, with the identical corrections and interlineations, is attached to the agreed statement of facts, and marked 'Exhibit B' for identification. Said 74 bales of cotton were transported by the Leyland Steamship Belgian to Liverpool, England, and by it there delivered to the consignee on the 7th day of December, 1904, at which time both of said bills of lading were surrendered and the following notation was made on defendant's bill of lading, viz., 'Order signed for 74 bales of cotton ex Belgian S. S. 7/12/1904 for Frederick Leyland & Company (1900) Limited. [Signed] A. E. Dunne.'

"(2) Plaintiff had notice that there was a shortage of 30 bales of cotton from the shipment, and that defendant had failed to transport the same to New Orleans, on the 16th day of November, 1904, when the Leyland Steamship Line issued to plaintiff its said bill of lading, and the consignee at destination had notice to the same effect on the 7th day of December, 1904, when both bills of lading were in the possession of the consignee, and the same were by it surrendered to the Leyland Steamship Line, as the bill of lading issued by defendant, as well as the bill of lading issued by the Leyland Steamship Line, upon their face, clearly shows that of the 104 bales of cotton shipped by W. A. Arthur & Co. from Detroit, Tex., on the 27th day of October, 1904, only 74 bales were delivered by the defendant to the Leyland Steamship Line at New Orleans, but neither plaintiff nor the consignor had actual knowledge that a fire had occurred while the shipment was in transit from Clarksville to New Orleans, and that it was thereby that the 30 bales of cotton herein sued for were destroyed, until January, 1905.

"(3) I further find that, as appears from the clerk's file mark on the plaintiff's original petition, this suit was instituted and commenced on the 17th day of December, 1908."

Appellants insist that their petition alleges a cause of action for the breach of a written contract, and that their case should stand or fall on the merits of their allegations. The case was submitted to the court, not alone upon the exception as to limitation, but in conjunction with an agreed statement of facts, and the same must be considered in

reference thereto. The facts show that the railway company did not deliver the cotton as per bill of lading, and as the case stands it must be treated as though the petition alleged the destruction of the cotton by fire and the inability of the railway company to deliver as per the bill of lading. The appellants had notice, in November, 1904, that 30 bales of the cotton had not then been delivered, and the following January they learned that the said 30 bales of cotton had been destroyed by fire. This suit was instituted December 17, 1907, which was more than two years after they were notified of the nondelivery of the 30 bales, and nearly four years after knowing that the cotton had been destroyed by fire.

[1–4] Under the law a carrier is an insurer of the safe delivery of goods intrusted to its custody for shipment, and it is compelled to issue a bill of lading therefor to the shipper, and when the goods are received the common-law liability attaches, until the goods reach the point of destination and the consignee has been notified; and if the consignee does not at once receive them they shall be stored, and the carrier's liability is that of warehouseman.

[5] If the goods do not reach the point of destination, the carrier is guilty of conversion and liable for the value of the goods, except where an act of God intervenes to prevent delivery.

[6] When this suit was instituted, appellants knew that the cotton had been destroyed, and that there was no possible way for it to be delivered, and that the value thereof only could be recovered; therefore the nature of the cause of action was, in effect, one for conversion, and it matters not that the petition alleges a breach of contract. Action against carriers for nondelivery of goods, without sufficient excuse, is, in contemplation of law, a conversion, and the statute of limitation of two years applies. Railway Co. v. Heidenheimer, 82 Tex. 195, 17 S. W. 608, 27 Am. St. Rep. 861; Railway Co. v. Darby, 28 Tex. Civ. App. 229, 67 S. W. 129; Railway Co. v. Adams, 49 Tex. 748, 30 Am. Rep. 116; Railway Co. v. Clemons, 19 Tex. Civ. App. 452, 47 S. W. 731; Hooks v. Railway Co., 97 S. W. 516; Railway Co. v. McAnulty, 7 Tex. Civ. App. 321, 26 S. W. 414; Elliott on Railroads, vol. 4, § 1526; Railway Co. v. Grain Co., 52 Tex. Civ. App. 156, 114 S. W. 442.

In support of its position appellee cites Davies v. Railway Co., 133 S. W. 295, which was decided alone on the allegations of the petition, wherein it was held that the exception of two years limitation should not have been sustained; the petition showing a breach of a contract of shipment similar to the one herein sued on. In that case, however, the exception was not submitted in connection with the facts, and it will be noted that the opinion states the petition did not "allege

any demand for his cotton or for pay therefor," and that it did "not allege anything which would indicate a refusal by appellees, or either of them, to find said cotton and deliver same, * * *" whereas, in this case it is alleged "that plaintiffs have demanded of the said railway company to deliver said 30 bales of cotton or to pay the value of said cotton, which said defendant wholly refuses to do, and repudiates its liability therefor." In this respect there is a difference in the allegations of the petitions, which renders said case inapplicable here.

As the two-year statute of limitation is applicable, it is unnecessary to discuss the points raised in relation to the four-year statute.

The judgment is affirmed.