BROOKS v. HAMILTON et ux. (No. 2212.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 22, 1920.)

VENUE ⬬14—ACTION FOR CONVERSION BY PLEDGEE MUST BE BROUGHT IN COUNTY WHERE CONVERSION TOOK PLACE.

Where plaintiffs, pledgors, lived in S. county, and defendant, pledgee, in H. county, where pledge was made and property held, and plaintiffs repaid the borrowed money, defendant agreeing to deliver the pledged diamonds in F. county, where he delivered other inferior diamonds, defendant was guilty of conversion in H. county, and where plaintiffs kept the diamonds delivered and brought action for damages, the venue was in H. county, and not in F. county, under Rev. St. 1911, art. 1830, exception 7.

Appeal from Franklin County Court; W. R. Irby, Judge.

Action by J. E. Hamilton and wife against S. B. Brooks. Defendant's plea of special privilege overruled, judgment for plaintiffs, and defendant appeals. Reversed, with instructions to transfer cause.

The appellees sue for damages for alleged fraud and deceit. The plaintiffs reside in Smith county, and the defendant resides in Hunt county. The defendant's plea of privilege to be sued in Hunt county was overruled by the court, and that is the sole question for decision on appeal.

---

The appellees base their right to try the case in Franklin county upon the seventh exception to article 1830, R. S. 1911. Their petition alleged that certain diamonds of Mrs. Hamilton's were delivered to the defendant in Hunt county as collateral security for payment of the sum of $450 borrowed in money, and that Mrs. Hamilton while at Greenville agreed to redeem the diamonds by paying the $450 for which they had been pledged, and that the defendant agreed that he would deliver them to her at Mt. Vernon, Tex., by express C. O. D. It was alleged that the defendant substituted diamonds of similar size and inferior grade and placed them in the express office and shipped them to Mt. Vernon C. O. D. The plaintiffs kept the diamonds shipped, and sued for damages. The agreed facts are:

"Plaintiff Mrs. Nell Hamilton was indebted to S. B. Brooks, of Greenville, Tex., in the sum of $450, which she borrowed from him during the year 1913, and to secure which she had pledged with said Brooks three certain diamond rings. In July, 1918, Mrs. Nell Hamilton visited Greenville, Tex., and tendered to said Brooks the sum of $450 and requested the return of said diamond rings. Brooks told her that the diamonds were mounted with another diamond in a ring belonging to his wife and that he would have them taken from said ring and send them to Mr. Patton at Mt. Vernon, Tex., by express C. O. D. $450, and that she could take said rings upon payment of said sum.

"That about the 31st day of July, 1918, Brooks deposited said diamonds with the American Express Company in Greenville, Tex., addressed to Mr. Patton, c/o First National Bank, Mt. Vernon, Tex., C. O. D. $450.

Mrs. Nell Hamilton and her husband claim that they paid the $450 and accepted said diamonds at Mt. Vernon, Tex., on or about the 31st day of July, 1918, and that said diamonds were not the same diamonds she had delivered to the defendant Brooks in 1913, but were different and very inferior diamonds to the ones she delivered to him and worth only about $450, whereas the plaintiffs claim that the diamonds that were delivered to Brooks in 1913 were worth the sum of $1,400 in 1918."

Neyland & Neyland, of Greenville, for appellant.

R. T. Wilkinson, of Mt. Vernon, and Cone Johnson, of Tyler, for appellees.

LEVY, J. (after stating the facts as above). According to the agreed facts Mrs. Hamilton, the plaintiff, was the owner of certain diamonds which were placed in the possession of the defendant as a pledge for a debt of $450. The pledge was made in Greenville and the defendant lived in Greenville. The plaintiff was not at the time of the alleged occurrence a purchaser of the diamonds, nor was Mrs. Hamilton exchanging these pledged diamonds for other and different diamonds. Mrs. Hamilton was merely paying the debt for which the diamonds were pledged as security. Hence any question of fraudulent sale or deceit and misrepresentation of kind of property in mutual exchange, is neither involved nor presented by the facts of the case. The agreed statement of the case which is for our decision under the facts states:

"Plaintiff alleges and bases her rights to sue in Franklin county in that the defendant fraudulently and for the purpose of defrauding plaintiff substituted diamonds of an inferior grade and weight and placed them in the express office of Greenville marked C. O. D. addressed to A. J. Patton, care First National Bank, Mt. Vernon, Tex., where the diamonds were delivered to plaintiff after the payment of $450 to the express company on the order of the defendant."

As pledgee in possession of the original diamonds, as shown by the evidence, it was the legal duty of the defendant to return and redeliver the very thing pledged on payment or tender of payment of the debt by the pledgor. The pledgee is not authorized to return or substitute other property for the particular property pledged; and if it be true that the pledgee did return by express "substituted diamonds" instead of the very diamonds pledged in the first instance, then the pledgee has violated his agreement and the duty he owed the pledgor. The "substituted diamonds" would not be the diamonds of the pledgor, but the property of the sender, and the pledgee would still be the pledgee in actual possession and holding the original pledged diamonds. The forwarding or offering to deliver "substituted diamonds," if true, would not in any legal sense relieve the defendant of responsibility of delivering the real pledged property to the true owner. Thus, when the pledgee delivered to the express company "substituted" diamonds, if true, he was not legally complying with his legal duty and contract of pledge, but was, in legal effect, converting, if true, the pledged property to his own use and benefit. The real pledged diamonds of the pledgor would still remain and be, in a legal sense, in Greenville in the possession of the pledgee; and the taking, if true, of the pledged property in Greenville would be wrongful and fraudulent with the intent to deprive the owner of the value and to appropriate it then at Greenville to the use and benefit of the pledgee. Therefore the case is, we conclude, as pleaded by plaintiffs, one of conversion, which would be dependent upon the fact of conversion of the real pledged property, and not upon the particulars in which he has violated the pledge.

The delivery to the express company of other and different diamonds, if true, would only be evidence of conversion of the real pledged diamonds. In such event it would be evident that the pledgee retained and exercised dominion over the pledged property inconsistent with the contract of pledge and the rights of the pledgor; and the delivery to the express company of the substituted property, if true, operates, as a legal consequence,

to evidence and make complete the act of conversion of the real property pledged to the use and benefit of the pledgee. The taking then and there, if true, of the real pledged property, would be fraudulent and wrongful, with the intent to deprive the owner of the value and to appropriate it to the use and benefit of the pledgee; and it is evident from the facts that, if the facts be true, the real pledged diamonds are still in Greenville, and there is the place where the appropriation, if true, occurred. The suit is really for the value of the real pledged property, and consequently the venue would be there in Greenville, according to the facts.

We conclude that the trial court erred, and the judgment is therefore reversed, and the cause remanded, with instructions to transfer the suit in accordance with this opinion.