Finding no error in the record, the judgment of the trial court will be affirmed.

## On Motion for Rehearing.

HAWKINS, J. Appellant urges that we were wrong in our original opinion in concluding that the failure of the trial court to permit him to show that Igotha Winterbower had been convicted of being a common prostitute was not such an error as called for a reversal of the judgment. There is no doubt that such ruling of the trial court was erroneous, but under all the facts we cannot bring ourselves to agree with appellant's contention that depriving him of such evidence was harmful to the extent urged. We undertook in our former opinion to give our reasons for this view, relating at some length the evidence to show why, to our minds, the proposed testimony had such remote bearing upon the issues as justified the conclusion reached. We are still of the belief that such conclusion was warranted, and think it unnecessary to write further.

The motion for rehearing is overruled.

---

## HADDAWAY v. BURFORD. (No. 1883.)

(Court of Civil Appeals of Texas. Amarillo. March 8, 1922. Rehearing Denied April 12, 1922.)

1. Venue 🔑8—Action for fraudulent representations inducing default in payment properly brought in county where fraud was committed, though contract provided for payment in another county.

An action against a vendor for fraudulent representations, inducing vendee's default in payment of an installment at the time and place required by the contract, was properly brought in the county where the fraud was committed, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 7, though the contract provided for payment in another county; the action being based on the wrong inducing the default, and not on the breach of contract.

2. Vendor and purchaser 🔑95(2)—Vendor may waive right to forfeit contract for default in payment of installment.

Vendor may waive his right to forfeit a contract on default in payment of an installment at the time and place stipulated.

3. Fraud 🔑28—Vendor's fraudulent representations inducing default actionable.

Fraudulent representations by vendor for the purpose of obtaining a forfeiture by deceiving vendee into the belief that payment of an installment at the place designated in the contract was waived *held* to authorize a suit for damages resulting from forfeiture on vendee's default.

4. Pleading 🔑111—Evidence held sufficient on plea of privilege to raise inference of injury from fraudulent representations.

In an action against a vendor for fraudulent representations, inducing vendee's default in payment of an installment of the purchase price at the time and place stipulated in the contract, which vendor thereupon forfeited, evidence as to plaintiff's arrangements to pay the amount due on the date fixed *held* sufficient on a plea of privilege to raise an inference of injury.

Appeal from Lubbock County Court; P. F. Brown, Judge.

Action by W. B. Burford against Rochester Haddaway. From a judgment overruling a plea of privilege, defendant appeals. Affirmed.

R. A. Sowder, of Lubbock, and McLean, Scott & McLean, of Fort Worth, for appellant.

G. E. Lockhart, of Tahoka, for appellee.

HUFF, C. J. This is an appeal from a judgment of the county court, overruling the appellant Rochester Haddaway's plea of privilege to be sued in the county of his residence. The appellee, Burford, brought the suit in the county court of Lubbock county, alleging that appellant and himself made and

entered into a certain written contract whereby appellant agreed to sell to appellee certain real estate situated in the county of Bailey, state of Texas, for a consideration of $1,485.60; that at the time of executing said contract appellee paid the appellant the sum of $371.40, and agreed to pay on the 1st day of January, A. D. 1921, another payment of the sum of $557.10, at which time it was provided in the contract that deed and abstracts were to be delivered to the appellee by the appellant. The contract provided, among other things, that, if appellee failed to pay the payment due on said contract on the 1st day of January, A. D. 1921, said contract should become null and void, and that the payments so made by appellee to appellant should forfeit, and become the property of appellant; that all payments were to be made under said contract at Fort Worth, Tex. "Plaintiff alleged that the defendant formed a scheme in his mind to cheat, wrong, and defraud the plaintiff out of the sums of money that the plaintiff had paid to the defendant—that is, the sum of $371.40—and, for the purpose of carrying out said scheme to cheat, wrong, and defraud this plaintiff, the defendant, in Lubbock county, Tex., falsely and fraudulently represented to the plaintiff that he, the said defendant, would be in Lubbock county Tex., on the 1st day of January, 1921, to receive from the plaintiff the second installment of purchase money due under said contract, and that he would deliver to the plaintiff a deed to said land; that the representations made by defendant to the plaintiff in Lubbock county, Tex., were false and fraudulent, and were known to be false and fraudulent when so made by the defendant, and were made for the sole and only purpose of defrauding the plaintiff out of the purchase money that he had paid to the defendant; that the defendant had no idea or intention of being in Lubbock on the 1st day of January, 1921, and on account of said representations so made by the defendant to the plaintiff the plaintiff believed and relied on said representations, and did not take any steps whatever to make the payments due under said contract at Fort Worth, Tarrant county, Tex., and the defendant, promptly on the 1st day of January, without any notice whatever to the plaintiff, forfeited his said contract and appropriated his cash payment that the plaintiff had made thereon to his own use and benefit, because the plaintiff failed to make such payment at Fort Worth, Tex.;" that, if appellant had not made the false and fraudulent representations he did with reference to being in Lubbock county, Tex., on the 1st day of January, 1921, and receive the second installment of purchase money due under said contract, and deliver a deed for said land at Lubbock, Lubbock county, Tex., plaintiff would have made said payment of money at Fort Worth, Tarrant county, Tex.; that

the alleged acts and representations of the appellant were made in Lubbock county.

The appellant filed his plea of privilege, to be sued in the county of his residence, Tarrant county, Tex. The appellee filed a controverting answer to the plea of privilege, to the effect that this suit was based upon the fraudulent representations made by the appellant to the appellee in Lubbock county. The case was tried before the court, who found substantially that the contract in writing was made as alleged in the plaintiff's petition, and that the contract stipulated, among other things, that the payment of $557.10 should be made on January 1, 1921, at Fort Worth, Tarrant county, Tex., and at that time deed and abstract to said property would be delivered to the appellee; and said contract also provided if the payment due January 1, 1921, was not met and paid, as recited, when due the seller might re-enter the premises without notice or demand, and take full possession, and the purchaser's rights to cease, determine and be utterly void. He finds that $371.41 was paid by appellee to appellant and accepted as a forfeit, to become the property of appellant in the event the appellee failed and refused to carry out and perform his part of the contract, as provided. He also found that, about the 10th of December, 1920, appellant made certain representations by which he agreed to be in the town of Lubbock, Lubbock county, Tex., on the 1st of January, 1921, and that he would deliver to appellee the deeds and abstracts for said land, as provided for in the contract, and then accept payment; that appellee relied upon the representations and statements and agreements of appellant with reference to accepting payments at Lubbock instead of Fort Worth, Tarrant county, Tex., and that appellee made no effort to consummate said contract at Fort Worth on the 1st day of January, 1921; that appellant failed to carry ry out his agreement as to being in Lubbock on the 1st day of January, 1921, and closing the contract as agreed to by him:

. "(6) I find that defendant falsely and fraudulently made such representations to the plaintiff in Lubbock county, Texas, and that said representations at the time were false, and there was no intention on the part of the defendant to carry out and comply with said agreement, and they were made for the purpose of defrauding the plaintiff out of the cash payment that he had received on said contract.

"(7) I find that the plaintiff would have made an effort to carry out said contract and pay said money at Fort Worth, Tarrant county, Tex., had it not been for the representations of the defendant that he would be present in Lubbock, Lubbock county, Tex., on the 1st day of January, 1921, and receive said money and deliver said papers at said place.

"(8) I find that defendant, Rochester Haddaway, promptly on the 1st day of January, 1921, without notice to the plaintiff, forfeited the

plaintiff's contract and appropriated said forfeit money to his own use and benefit."

[1] The appellant assigns error to the effect that the trial court erred in overruling his plea of privilege to be sued in the county of his residence, Tarrant county, Tex. It is asserted by proposition that the appellant is not shown to have made false and fraudulent representations to appellee such as were relied on by him, as contemplated by the statute. The trial court's findings of fact are sustained by the evidence, and it is uncontroverted that appellant's residence was in Tarrant county, Tex. If the transaction had its origin in a contract which places the parties in such relation as that, in performing, or attempting to perform, a wrong is committed, then the breach of the contract is not necessarily the gravamen of the action. There may be a technical breach of the letter of the contract, but the contract in such case is an inducement, and should be so pleaded. It induces, causes, creates, the condition or state of things which furnishes the occasion for the wrong. It is the wrong outside of the letter of the contract which is the gravamen of the suit. Such action, as we understand, would be ex delicto, upon which an action would lie at common law on the case.

The contract in this suit created a state of things or a condition which furnished the occasion for the wrong. While a declared forfeiture may have been within the terms of the contract, and a wrongful forfeiture may have been a breach, yet, if the vendor deliberately, fraudulently, and with the intent to induce a failure to pay by the vendee, at the place required by the contract, and if thereby he was induced to believe a literal compliance with the terms as to the place of payment would not be insisted upon, but received elsewhere, the vendor taking advantage of the failure so induced to end the contract and appropriate the money paid, his liability is on the wrong inducing the default, and a suit may be based upon the wrong bringing about that situation. The failure to pay is the natural result of the fraud committed for the purpose of inducing the default. Chaison Townsite Co. v. Beaumont, etc., 63 Tex. Civ. App. 186, 133 S. W. 714; Stock v. City of Boston, 149 Mass. 410, 21 N. E. 871, 14 Am. St. Rep. 430; Flint, etc., v. Beckett, 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N. S.) 924; Shirley v. Waco Tap. Ry. Co., 78 Tex. 131, 10 S. W. 543, at page 549; Railway Co. v. McAnulty, 7 Tex. Civ. App. 321, 26 S. W. 414, on rehearing. This action is based on the wrong, and not on the breach, and the place of performance under the terms of the contract will not fix the venue as argued in this case, but is properly brought in the county where the fraud was committed under article 1830, subd. 7.

[2] As we understand the allegations as to payment to be made in Lubbock county, instead of Tarrant county, they were not made for the purpose of showing a change in the contract specifically, but were made to show that appellant waived the forfeiture clause if payment was not made at Fort Worth, as stipulated. He could agree to waive the right as it accrued from the default in payment of an installment so as to estop him from relying upon such default. Association v. Steward, 94 Tex. 441, 61 S. W. 386, 86 Am. St. Rep. 864; Cofer v. Beverly (Tex. Civ. App.) 184 S. W. 608.

[3] If the appellant, with the fraudulent purpose of deceiving the appellee into the belief that he had waived payment at Fort Worth on January 1st, and that he would be in Lubbock for the purpose of there receiving payment, and such representations were made for the purpose of obtaining a forfeiture under the terms of the contract, we think it would be such fraud as will authorize a suit thereon. This, as we understand is not an action to rescind, as the appellant seems to think. The appellant wrongfully renounced his contract alleged, making his own wrongful action the occasion for doing so. The appellee has simply accepted that renunciation as made, and sues for the damages occasioned thereby.

[4] It is insisted there is no fraud alleged, proved, or found by the trial court, in that there is no damages shown. This contention appears to be based upon the asserted insufficiency of the evidence to show that the appellee could and would have paid the sum falling due on January 1st, at Fort Worth, but for the agreement to accept payment at Lubbock; that he would only have paid part of it at Lubbock and did not have sufficient to pay all. The evidence is sufficient, we think, to authorize the finding that appellant, the appellee, and the agents who had sold the land for appellant entered into an agreement by which the appellant should receive the money coming to him, and that the agents would accept notes for their commission, which was to be paid out of that installment payment, thereby settling for the entire payment due on January 1, 1921. The testimony of appellee is to the effect he supposed he could have made arrangements to close the deal at Fort Worth, Tex., if he had gotten word that he was to go to Fort Worth in order to close up; "I have stated I had made arrangements to comply with the contract on the first of January, and I would have done so if it had not been forfeited;" that he never told appellant he could not make the payment, but that he asked if arrangements could be made to cut it down. There are some other facts showing that he could possibly have paid the sum due on the contract at Fort Worth if arrangements had not been made to pay it in the manner it was to be paid at Lubbock. In the case of Edmonds v. White (Tex. Civ. App.) 226 S. W. 819, it is said by the court:

"It is contended that the testimony fails to show any injury resulting from the transaction, even if it be a fraudulent one. Such additional evidence would undoubtedly be required in order for the plaintiff in a final trial to recover damages, or to have a rescission of his contract. Blair v. Baird, 43 Tex. Civ. App. 134, 94 S. W. 116; Moore v. Cross, 87 Tex. 557, 29 S. W. 1051. But, in determining the question of venue only, we do not think the plaintiff is required to prove all the facts essential to support a final judgment in his favor upon the merits of the case. If the suit is based upon fraud, he may sue in the county where the fraudulent act was committed, and there try his right to recover his damages, or any appropriate relief to which he may be entitled."

Again it is said:

"It is unnecessary at that stage for the court to ascertain whether or not a cause of action can be shown by the evidence, for the reason that no appropriate judgment upon that issue can then be rendered. Whether or not the plaintiffs sustained an injury from the perpetration of the fraud and the extent of that injury are matters to be determined in a trial upon the merits, after the issue of venue has been settled."

This opinion seems to be the holding of the majority for whom Judge Hodges speaks. Judge Wilson, however, dissented from that view, but agreed to the holding that there was testimony from which it might be inferred the appellee therein suffered injury because of his reliance on the truth of the representation. We are inclined to agree with the majority opinion in that case, and we think the testimony in this case is sufficient to raise the inference of injury occasioned by the fraudulent representations upon which the appellee relied. The cases cited by appellant we do not regard as in point. Cloyd v. Sacra (Tex. Civ. App.) 175 S. W. 456, simply holds the facts alleged did not constitute fraud. Brooks v. Hamilton (Tex. Civ. App.) 218 S. W. 38, was a suit for conversion of diamonds. In that case the conversion was held to have been in the county of defendant's residence, and not in that county in which the suit was brought.

We believe the judgment should be affirmed.