## NYSTEL v. GULLY.  (No. 6649.)

(Court of Civil Appeals of Texas.  Austin.
Oct. 24, 1923.)

**1. Appeal and error ⚖➙544(2), 719(1)—Fundamental error considered on appeal by record only.**

Where the record contains no statement of facts, bills of exceptions, or assignments of error, the appellate court is precluded from passing on questions except such as present fundamental error apparent from record.

**2. Appeal and error ⚖➙544(2), 719(4)—If sustaining special exceptions and dismissing suit fundamental error, court must pass thereon.**

Where record of appeal contains no statement of facts, bills of exception, or assignments of error, if it is apparent from record that sustaining exceptions to plaintiff's petition or dismissing suit for want of prosecution was fundamental error, the appellate court is compelled to pass on the record only, where the procedure recited in judgment is tantamount to finding of fact and conclusion of law.

**3. Mines and minerals ⚖➙115—Plaintiff waived lien on oil leases by contract inconsistent therewith.**

Where plaintiff relied for recovery on contract which provided that, if a sale of oil leases on which he sought a laborer's lien should be made, he would receive a commission on such sale, but the contract provided that defendant might sell the lease within the stated time, plaintiff thereby expressly waived his right for lien thereon.

**4. Liens ⚖➙16 — Contract being inconsistent with lien, party thereby waives right.**

Where one enters into a contract, performance of which is inconsistent with existence of a lien given by law, he thereby foregoes and waives the lien which otherwise would be given him.  Vernon's Ann. Civ. St. Supp. 1918, art. 5639a.

**5. Evidence ⚖➙65—Parties to contract presumed to know law.**

It is presumed that parties to a contract knew the law at the time they entered into it.

**6. Time ⚖➙9(4)—Lien not filed within 30 days after accrual of indebtedness.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5622, 5636, requiring a sworn account to be filed within 30 days from time indebtedness accrued, and providing that, if labor performed is by the day or week, indebtedness shall accrue at the end of each week, where it was alleged that work was performed from August, 1919, to April, 1920, and lien filed April 20, 1920, the lien sought to be established was not filed within 30 days after accrual of indebtedness.

**7. Limitation of actions ⚖➙28(1)—Action on quantum meruit barred by two-year limitation.**

The limitation on action based on quantum meruit is barred within two years; therefore

an action accruing March 25, 1920, is barred, where it is asserted for the first time by petition filed June 14, 1922.

**8. Limitation of actions ⚖➙127(13)—Action on quantum meruit distinct from action on contract.**

As respects limitations affecting amended pleading, an action on quantum meruit is separate and distinct from that on contract, it being inconsistent with the idea that an express contract exists to the extent that such action must be waived on express contract to assert one on quantum meruit.

**9. Limitation of actions ⚖➙127(11)—Amendment setting up new cause of action does not relate back.**

An amendment setting up a new cause of action does not relate back to the date of the original petition, but is regarded as a new suit against which limitation runs from the time it accrued until the filing of the amendment.

**10. Appeal and error 544(2), 719(4)—Dismissing suit for want of prosecution not fundamental error.**

Where plaintiff's petition sought recovery for work and labor, and to enforce a mechanic's lien on an express contract, or for recovery in the alternative on quantum meruit, in sustaining special exceptions to the petition in so far as assertion of the lien was concerned or for the cause of action on quantum meruit, and dismissing the suit for want of prosecution on plaintiff's refusal to amend, there was no fundamental error, reviewable in absence of bill of exceptions, statement of facts, and assignment of errors.

**11. Appeal and error ⚖➙1061(2)—Dismissing suit for want of prosecution, if error, harmless.**

Where plaintiff sought recovery for work and labor and to enforce a mechanic's lien on express or oral contract, any error in dismissing his suit for want of prosecution was harmless, in so far as it related to his cause of action based on contract, the judgment being based on his refusal further to prosecute his suit for debt, and equivalent to finding that defendant owed nothing.

**12. Appeal and error ⚖➙843(2)—Alleged error in dismissing suit for want of prosecution presents moot question.**

Where plaintiff sought recovery for work and labor and to enforce a mechanic's lien on express or oral contract or on quantum meruit, any error in dismissing his suit on the debt for want of prosecution after sustaining exceptions to the petition asserting right to mechanic's lien, and also on action on quantum meruit, presents only moot question, in view of plaintiff's failure to proceed to trial and establish that defendant was indebted to him, since no lien could be asserted without debt as its foundation.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by T. C. Nystel against W. D. Gully. Judgment for defendant, and plaintiff appeals.  Affirmed.

⚖➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. F. Taulbee, of Georgetown, for appellant.

Harrison & Cavin, of Brownwood, for appellee.

BLAIR, J. This is the second appeal of this case; the first being reported in 233 S. W. 122. The present appeal is based upon the action of the trial court in sustaining certain of appellee's special exceptions to appellant's petition, and for dismissing appellant's suit for want of prosecution; appellant having declined to amend his pleadings, although given an opportunity to do so, or to proceed with the case after the court had sustained the special exceptions to his petition.

[1] The record contains no statement of facts or bills of exception, or assignments of error. We are therefore precluded from passing upon any question except such as might present fundamental error apparent from the record.

The record as presented, aside from the formal matters required, contains the abandoned pleadings of both parties, as well as the pleadings upon which the case went to trial, and the judgment and decree of the court. The judgment recites that upon hearing certain special exceptions urged to appellant's petition by appellee, the same were sustained; to which action and ruling of the court the appellant then and there excepted and caused the fact to be noted of record, which was done. The judgment further recites that appellant was then and there given an opportunity to amend his petition as to the matters to which the special exceptions sustained were addressed, but that he refused to do so, and declined to impanel a jury, or to offer evidence on the allegations of indebtedness which he alleged was due him by appellee, or on any other issue of the case, or to proceed further in the case in any manner or to any extent whatever. Whereupon the court dismissed the suit for want of prosecution, to which action of the court appellant then and there in open court objected and excepted, and gave notice of appeal.

[2] It is therefore apparent of record that, if the action of the trial court in sustaining the certain exceptions urged by appellee to appellant's petition was fundamental error, or that his action in dismissing the suit for want of prosecution under the facts stated therein was such as constituted fundamental error, then we are compelled to pass upon the record in the absence of either a statement of facts, bills of exception, or assignments of error, since the procedure recited in the judgment is tantamount to a finding of fact and conclusion of law by the trial court.

Appellant's second original petition, upon which he went to trial, is very lengthy, and we will only make a statement of its contents as to the cause or causes of action therein pleaded.

(1) Appellant pleaded for a recovery for labor done and performed under a written contract for the promotion of an oil enterprise entered into between himself and appellee; also for the recovery of a commission for the sale of certain oil leases, which he alleges was agreed to by appellee in the written contract sued upon. He also alleges that he had filed a sworn itemized claim, which was attached to the petition as an exhibit, which constituted the amount of his cause of action, being the amount due him for labor and services performed for appellee, with the county clerk of Brown county, to be recorded in the records provided for mechanic, materialman, and laborer's liens, and that he further alleged that he had so filed such lien within 30 days as provided for in article 5622 of Vernon's Sayles' Second Revised Civil Statutes, and that he thereby obtained a statutory lien upon the leases which he alleges were sold, and on which sales he was claiming a commission; and further sought the foreclosure of such lien in satisfaction of the debt sued for.

(2) Appellant further alleged, and in the alternative, that if he was mistaken and could not prove a written contract with appellee as alleged in the foregoing portion of his petition, then that he had an oral contract with appellee, the terms and effect of which were identical with the written contract theretofore pleaded; and upon this he sought a recovery for his labors done and performed, and for a foreclosure of his statutory laborer's lien, alleging that he had established same in the same manner as he had pleaded in his suit for a recovery upon the written contract; and

(3) For the first time since the institution of the suit, he pleaded, in the alternative, that, if he was mistaken or unable to prove either the written or oral contract as the basis of his recovery, then he pleaded a quantum meruit, in which he sued for the fair value of his services upon the lands, premises, tools, and appurtenances upon which he performed his labor as a laborer and mechanic, and further sought the foreclosure of his laborer's lien, which he pleaded as having filed as he pleaded in his suit for the recovery on the contract.

Appellee addressed a general demurrer and numerous special exceptions to appellant's pleadings, some of which were sustained by the court, and, the appellant refusing to proceed further with the trial of the case, it was dismissed for want of prosecution, and this appeal is perfected from that judgment.

[3] The first special exception of appellee which the court sustained is as follows:

"(a) That it appears from said petition, the allegations therein, and the exhibits thereto at-

tached, that under the contract, through and by virtue of which said liens are claimed, it was expressly understood and agreed by and between plaintiff and defendant that defendant had the right to, and could sell the property upon which such liens are asserted, at any time. And said right is and was utterly inconsistent with the fixing or right to fix any such lien which was thereby and by virtue of said contract foregone and waived by plaintiff, and he was thereby precluded from asserting, claiming, or filing same, by virtue of said contract."

We are of the opinion that the court correctly sustained the exception. Appellant's petition alleges that it was agreed, both by the written and oral contract relied upon for a recovery herein, that, should a sale of the leases upon which he seeks to establish his laborer's lien be effected, he should receive a commission upon such sale, basing his claim upon a paragraph of the contract which reads as follows:

"However, it is expressly understood and agreed that party of the first part may sell said lease within said time and terminate this contract. * * * That as a part of the consideration for said contract it was agreed between him and defendant that in the event defendant desired to dispose of his right, title, and interest in and to said leasehold that he would not hold him for the entire period of said contract, but that he would agree that defendant could sell said leasehold interest, together with the properties thereon—it being agreed, however, that plaintiff, in addition to other considerations, should have a commission, as agreed upon between the parties."

[4, 5] The petition further alleges the sale of such leases, and appellant seeks a recovery of a commission upon such sale. It therefore appears upon the face of the pleading that, should a sale be made under the contract, in order to pass title to the leases free and unincumbered, it would be inconsistent with the lien given appellant by law, which he now seeks to enforce. We are therefore of the opinion that the rule of law announced by numerous authorities, which hold that where one enters into a contract, the complete performance of which, according to its true intent and terms, is inconsistent with the existence of a lien given by law, he thereby foregoes and waives the lien which the law would otherwise give him, is a correct one and applies in this case. It will be presumed that the parties knew the law at the time they entered into the contract, and so knowing will be held to have waived any benefits that they might thereby derive by executing an express contract in conflict therewith. Willison v. Douglas, 66 Md. 99, 6 Atl. 530; Pickett v. Bullock, 52 N. H. 354; Randel v. Brown, 2 How. 406, 11 L. Ed. 318; Fullenwider v. Longmoor, 73 Tex. 480, 11 S. W. 500; Crawshay v. Homfray, 16 Eng. Ruling Cases, 126–129; 17 R. C. L. p. 607, § 17; 18 R. C. L. pp. 89–189, §§ 22, 23; 2 Supp. 1918 Vernon's Tex. Civ. Stats. art. 5639a.

[6] The second special exception of appellee, which was sustained by the court, is as follows:

"(c) Because said petition fails to show that the statutory requirements for fixing the liens claimed were complied with by plaintiff."

We are of the opinion that the court correctly sustained the exception. Appellant's petition alleged that the work, the value of which a recovery is sought by this suit, covered a period from August, 1919, to April, 1920; and further that the itemized claim which constituted the basis of his lien which he sought to establish was not filed until April 20, 1920. Article 5622 of Vernon's Sayles' Revised Statutes requires that, in order to fix a mechanic, materialman, or laborer's lien, that the sworn account representing the same should be filed within 30 days from the time the indebtedness accrued; and article 5636, Vernon's Sayles' Revised Statutes, provides that, if the labor performed is by the day or week, the indebtedness shall be deemed to have accrued at the end of each week during the time in which the labor is being performed. The basis of the claim for labor as shown by the petition is by the day; therefore the statute was not complied with in that the lien sought to be established was not filed within 30 days after the indebtedness accrued.

[7] The third special exception of appellee, which the court sustained, is as follows:

"(a) Defendant further specially excepts to paragraph XV and the succeeding paragraph of plaintiff's petition, and all paragraphs and allegations therein contained, seeking recovery herein on a quantum meruit, and because of an implied agreement or contract for this: That it appears that any such alleged cause of action is barred by the two years' statute of limitations; the same never having been set up in any pleading by plaintiff herein until the one filed this 14th day of June, A. D. 1922, and it appearing, therefore, that more than two years have elapsed since said alleged cause of action accrued and before the filing of any suit thereon, and of this special exception defendant prays judgment of the court."

We are also of the opinion that the court correctly sustained the special exception.

[8, 9] By the amended petition, filed on June 14, 1922, appellant for the first time sought by an alternative cause of action a recovery upon quantum meruit. The petition expressly alleges that the contract which appellant waived by this alternative plea was repudiated by appellant on March 20, 1920. It was on that date, if any, when appellant's cause of action on quantum meruit arose. An action upon quantum meruit is separate and distinct from that upon contract. In fact it is incompatible and inconsistent with the idea that an express con-

tract exists to the extent that such action must be waived upon express contract, in order to assert the one upon quantum meruit. The limitation upon a cause of action based upon a quantum meruit is barred within two years; therefore a cause of action accruing on March 25, 1920, is barred, where it is asserted for the first time by a petition filed June 14, 1922. It has also been repeatedly held .that an amendment ·setting up a new cause of action does not relate back to the date of the original petition, but is regarded as a new suit, against which the statutes of limitation run from the time it accrued until the filing of the amendment. Raycraft v. Johnston, 41 Tex. Civ. App. 466, 93 S. W. 237; Ayres v. Cayce, 10 Tex. 99, 107; Williams v. Randon, 10 Tex. 74; Haddock, etc., Co. v. Crocheron, 32 Tex. 276, 5 Am. Rep. 244; McLane v. Belvin, 47 Tex. 493; East Line, etc., R. Co. v. Scott, 75 Tex. 84, 12 S. W. 995; Fort Worth, etc., R. Co. v. McAnulty, 7 Tex. Civ. App. 321, 26 S. W. 414; Mexican Cent. R. Co. v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 282; Stewart v. Robbins, 27 Tex. Civ. App. 188, 65 S. W. 899; G. C. & S. F. Ry. Co. v. Thompson, 4 Willson, Civ. Cas. Ct. App. § 155, 16 S. W. 174; Jones v. Bull (Tex. Civ. App.) 36 S. W. 501; Tex., etc., R. Co. v. Eberhart (Tex. Civ. App.) 40 S. W. 1060; Tex., etc., R. Co. v. Clippenger, 47 Tex. Civ. App. 510, 106 S. W. 155.

[10] We are also of the opinion that there is no fundamental error in the court's action in dismissing the suit for want of prosecution. The court sustained appellee's special exception to the appellant's petition, in so far as the assertion of a lien was concerned upon the leases sold, and also in so far as the cause of action on quantum meruit was concerned, which left appellant's suit for the alleged debt. Appellant was given an opportunity to amend as to the other pleadings, which he refused to do. He was then left free to prosecute his suit for debt, but refused to do so; whereupon the court was compelled to dismiss the cause for want of prosecution. We are therefore of the opinion that the court correctly dismissed this cause for want of prosecution.

[11, 12] In connection with the alleged error in dismissing appellant's suit for want of prosecution, appellee contends that such judgment is equivalent to a finding that appellee owed appellant nothing, and no injury could result by the sustaining of the exceptions to the lien asserted, because without the debt there can be no lien, and therefore the error, if any, would be harmless. We are of the opinion that appellee's contention is correct, in so far as it relates to the appellant's cause of action, based upon contract as set forth in the first two counts of his pleadings. The judgment is based upon appellant's refusal to further prosecute his suit

for debt for labor, etc., upon the contract (appellant having no opportunity to prosecute his cause of action based on quantum meruit after the trial court held same barred by limitation), and is tantamount to holding that appellant was not entitled to recover in his suit for debt resulting from the contract either written or oral. In order for appellant to have availed himself of the benefit of any error in sustaining the exception to his asserted lien, it was incumbent upon him to have proceeded with the trial and established that appellee was indebted to him upon the contract as alleged, since no lien could exist in his behalf without the debt as its foundation. In view of the judgment rendered as to the suit upon contract, the error, if any, would be harmless, and it also presents to this court a moot question for determination. This ruling would not apply to appellant's cause of action on quantum meruit, since he had no opportunity to prosecute it after the court sustained the special exception addressed to it.

We find no error in the judgment, and it is therefore affirmed.

Affirmed.